# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1569

_____

| | | |
|---|---|---|
| Ndeye Ngone Sylla, | * | |
| | * | |
| Petitioner, | * | Petition for Review of |
| | * | an Order of the Board |
| v. | * | of Immigration Appeals. |
| | * | |
| Eric H. Holder, Jr., Attorney General | * | [UNPUBLISHED] |
| of the United States, | * | |
| | * | |
| Respondent. | * | |

_____

Submitted: August 5, 2009
Filed: August 6, 2009

_____

Before BYE, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Ndeye Ngone Sylla, a native and citizen of Senegal, petitions for review of an order of the Board of Immigration Appeals (BIA), which affirmed a decision by the Immigration Judge (IJ) denying asylum, withholding of removal, and relief under the Convention Against Torture (CAT). As a threshold matter, we hold that we lack jurisdiction to consider Sylla's claims for withholding of removal and CAT relief because she failed to raise those claims in her appeal to the BIA. See Sultani v. Gonzales, 455 F.3d 878, 884 (8th Cir. 2006) (noting that failure to raise an issue on appeal to the BIA is a failure to exhaust remedies with respect to that issue and deprives court of appeals of jurisdiction over that issue).

Upon careful review of the BIA's denial of Sylla's asylum claim, we first uphold the BIA's adverse credibility finding. See Sow v. Mukasey, 546 F.3d 953, 956 (8th Cir. 2008) (holding that adverse credibility finding is reviewed for substantial evidence, is upheld unless a reasonable factfinder "would be compelled to conclude to the contrary," and is generally entitled to deference if supported by "specific, cogent reason[s] for disbelief" (citations to quoted cases omitted)). We further conclude that it was not unreasonable for the BIA to determine that Sylla failed to show she was subjected to past persecution on account of a protected factor. See Quomsieh v. Gonzales, 479 F.3d 602, 606 (8th Cir. 2007) (reiterating that absent physical harm, incidents of harassment and unfulfilled threats of injury do not constitute persecution; isolated violence generally does not compel a finding of persecution). Nor did the BIA err in concluding that Sylla failed to show she had a well-founded fear of future persecution on account of a protected factor. See Makatengkeng v. Gonzales, 495 F.3d 876, 881, 885 (8th Cir. 2007) (noting that an alien must show that fear is both subjectively genuine and objectively reasonable; harm inflicted by private individuals is not attributable to the government absent a showing that the government condoned or was unable to prevent harm). Accordingly, we deny Sylla's petition.

_____